56 F.3d 82
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Joseph GRANNUM, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3573.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
 
 Before NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mr. Joseph Grannum was charged with failing to meet the Spanish language proficiency requirement of his training program with the Immigration and Naturalization Service. He was separated from the service. This appeal is from an arbitrator's denial of the grievance.
 
 
 2
 Mr. Grannum states, accurately, that the tape of his oral Spanish examination was withheld from production, and then tardily produced on the last day of the arbitration hearing, several months after start of the grievance proceeding. We agree that this was a serious and unexplained procedural lapse by the agency. However, Mr. Grannum's representative declined to accept the postponement that the arbitrator offered, because the representative was being transferred. The tape was therefore excluded, at the representative's request. Although Mr. Grannum now argues that the content of the tape supports his position, he declined to present that evidence to the arbitrator.
 
 
 3
 The arbitrator did not rely on the oral Spanish test in his decision, but found, on substantial evidence, that there was frequent indication that Mr. Grannum was faring poorly in Spanish class, and that he had been counselled accordingly. Proficiency in Spanish was a condition of his employment, and Mr. Grannum was so advised when he entered the training program. There was substantial evidence to support the arbitrator's conclusion that this condition had not been met.
 
 
 4
 The arbitrator also placed substantial weight on a credibility determination adverse to Mr. Grannum, with respect to a medical report that the arbitrator concluded had been altered by Mr. Grannum. On the standard of review to which this court is limited, the arbitrator's credibility determination must be sustained.
 
 
 5
 The decision is affirmed.